**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DANITA SWAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NATIONAL COLLECTION SYSTEMS, INC., | ) |
| d/b/a NATIONAL CREDIT MANAGEMENT, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1.      Plaintiff Danita Swain brings this action to secure redress from unlawful credit and collection practices engaged in by defendant National Collection Systems, Inc., d/b/a National Credit Management. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28  U.S.C. §§1331, 1337 and 1367.

4.      Venue and personal jurisdiction in this District are proper because:

      a.      Defendant's collection communications were received by plaintiff within this District;

      b.      Defendant transacts business within this District.

1

## PARTIES

5.      Plaintiff Danita Swain  is an individual who resides in the Northern District of Illinois.

6.      Defendant National Collection Systems, Inc., d/b/a National Credit Management is a Missouri corporation with principal offices located at 10845 Olive Blvd., Suite 210, St. Louis, MO 63141.  It does business in Illinois.  Its registered agent and office are Business Filings Inc., 600 S Second St., Ste. 103, Springfield, IL  62704.

7.      Defendant National Collection Systems, Inc., d/b/a National Credit Management is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.      On information and belief, defendant only collects consumer debts.

9.      Defendant National Collection Systems, Inc., d/b/a National Credit Management is a debt collector under  the FDCPA.

## FACTS

10.      Defendant has repeatedly contacted plaintiff for the purpose of collecting a consumer debt.

11.      Defendant has, for a period of weeks, called plaintiff's cell phone several times each day.

12.      The calls were placed from the number 800-526-3213, which is used by National Credit Management.

13.      Most of the calls are "dead air" calls, i.e., no human being is available to take the call when plaintiff answers.  This is characteristic of automated dialing equipment.

14.      Defendant uses automated dialing equipment and has a permit to do so from the state of Texas.

15.      In some cases, a person answers "hello" but when plaintiff inquires who is calling and why, the person hangs up.

2

16.　　Plaintiff did not authorize the automated placement of calls to her cell phone.

17.　　Plaintiff did not furnish her cell phone number to defendant.

18.　　Plaintiff had to Google the number in order to identify the caller.

19.　　The calls are harassing and aggravating.

### COUNT I – FDCPA

20.　　Plaintiff incorporates paragraphs 1-20.

21.　　Defendant's telephone calls violated 15 U.S.C. §§1692e and 1692e(11), as well as 15 U.S.C. §1692d(6).

22.　　Each telephone call was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Ramirez v. Apex Financial Mgmt., LLC,* 567 F.Supp.2d 1035 (N.D.Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006); *Leyse v. Corporation Collection Servs.*, 03 Civ. 8491, 2006 U.S.Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006).

23.　　The telephone calls violate 15 U.S.C. §1692d(6) and 15 U.S.C. §§1692e and 1692e(11) because:

　　　　a.　　The calls do not contain the warning required by 15 U.S.C. §1692e(11).

　　　　b.　　The calls did not identify defendant.　See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F.Supp. 591, 593 (N.D.Ga. 1982); *Valencia v. Affiliated Group, Inc.,* 07-61381, 2008 U.S. Dist. LEXIS 73008 (S.D.Fla., Sept. 23, 2008).

24.　　15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in

the following conduct: "Except as provided in section 1692b of this title, the placement of

telephone calls without meaningful disclosure of the caller's identity."

      25.    Section 1692e provides:

> **§ 1692e.      False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

      WHEREFORE, the Court should enter judgment in favor of plaintiff and against

defendant for:

          (a)     Statutory damages;

          (b)     Attorney's fees, litigation expenses and costs of suit;

          (c)     Such other and further relief as the Court deems proper.


            /s/ Daniel A. Edelman
            Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

4

## VERIFICATION

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of her knowledge and belief.

Danita Swain

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


/s/ Daniel A.Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\29907\Pleading\Complaint_Pleading.wpd

6

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/ Daniel A. Edelman
Daniel A. Edelman